945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HENKEL CORPORATION, Plaintiff-Appellee,
v.
CORAL, INC., Defendant-Appellant.
 No. 91-1150.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1991.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Coral, Inc. appeals the order of the United States District Court for the Northern District of Illinois entering a preliminary injunction against further infringement by Coral of Henkel Corp.'s U.S. Patent No. Re. 32,661. Henkel Corp. v. Coral, Inc., No. 89 C 3385 (Dec. 28, 1990). Because Coral has not shown that the court abused its discretion, committed an error of law, relied on clearly erroneous fact findings, or seriously misjudged the evidence, we affirm.
 
 DISCUSSION
 
 2
 * Coral's first major contention is that the district court erred as a matter of law in "failing to give collateral estoppel effect to findings it had made on identical issues in a previous action between the parties." Brief for Appellant at 10-11. We disagree.
 
 
 3
 In the first place, though collateral estoppel would indeed preclude relitigation of issues previously adjudicated in Amchem Prods., Inc. v. Coral Chem. Co., 5 USPQ2d 1736 (N.D.Ill.1987), aff'd, 864 F.2d 149 (Fed.Cir.1988), contrary to Coral's explicit assertion, this case does not involve "identical" issues. Cf., Blonder-Tongue Labs., Inc. v. University of Ill. Found., 402 U.S. 313, 323-24, 169 USPQ 513, 517-18 (1971). Judge Marshall's findings in the Amchem case involved a substantially different patent, albeit for related subject matter. While the previous findings as to certain factors mandated by Graham v. John Deere Co., 383 U.S. 1, 148 USPQ 459 (1966)--the scope and content of the prior art and the level of ordinary skill in the art at the time the invention was made--might be equally applicable to the '661 patent, the patent in suit in the instant case, that prior art must be compared to the invention claimed in the '661 patent. Thus, at least one key factual issue--the differences between the prior art and the claimed invention as a whole--is clearly different for the '661 than it was for the '198 patent. Similarly, the ultimate legal issue here is whether the claims of this patent would have been obvious in light of the prior art, clearly a different issue from whether the claims of the '198 patent would have been obvious.
 
 
 4
 Second, contrary to Coral's arguments, Judge Parsons did not "ignore" any of Judge Marshall's findings or enter "new findings in direct contradiction to [Judge Marshall's] earlier findings." Brief for Appellant at 12. Rather, he agreed with Judge Marshall that the Hess, Mickelson, Yarrington and Grunwald references constituted pertinent prior art, and accepted and carefully considered Judge Marshall's findings as to the content or teachings of that art. Then, for each reference, he explained in detail why dissimilarities between the '661 and '198 patents required dissimilar findings as to the differences between that reference and the claims of the '661 patent. Despite its bald assertions, Coral has not demonstrated that the additional findings in any way contradict the original ones. On the contrary, they simply expand upon them.
 
 
 5
 In short, Judge Parsons duly considered the findings of Judge Marshall and correctly determined that the instant litigation raised new issues not completely resolved by those earlier findings. He gave the prior findings as much collateral estoppel effect as was warranted.
 
 II
 
 6
 Coral's second major contention is that even aside from the collateral estoppel effect of the Amchem findings, the district court's findings supporting its conclusion on obviousness are clearly erroneous, and therefore the court abused its discretion in determining that Coral would likely fail to carry its burden to establish by clear and convincing evidence that the patented invention would have been obvious.
 
 
 7
 Coral argues that all the elements of the invention were well-known and that the claimed invention is simply the prior art hot sulfuric acid cleaner, with corrosion inhibitor removed and hydrofluoric acid added, used at a lower temperature. But that it was obvious to begin with the hot sulfuric acid solution and to experiment with lower temperatures and with addition and removal of various chemicals does not make the invention of the '661 patent obvious. At most, it is "obvious to try," but that is not the legal test for obviousness under § 103. See In re Geiger, 815 F.2d 686, 688, 2 USPQ2d 1276, 1278 (Fed.Cir.1987). The court also addressed the objective evidence of nonobviousness, and found that there was a long-felt need in the industry, that other experimenters had tried and failed, that the invention enjoyed huge commercial success, and that Coral had deliberately copied the invention. Slip op. at 55-56. Coral has not demonstrated any of these findings to be clearly erroneous, and indeed, has barely addressed them at all in this appeal. Particularly in light of these findings of strong objective evidence of nonobviousness, we can see no serious misjudgment of the evidence in the district court's determination that there was a "reasonable likelihood" that Henkel would prevail on the merits, as required by Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1196 (Fed.Cir.1988).
 
 III
 
 8
 Coral's remaining contentions are that the district court's findings as to irreparable harm, balance of hardships, and public interest are clearly erroneous. Coral's arguments on these points are largely premised on its assumption that the patent is invalid, and, in any event, fail to demonstrate clear error. Nor has Coral shown that the court misweighed any one of these three findings vis-a-vis the others.
 
 
 9
 In short, issuing a preliminary injunction was well within the range of the court's discretion on this record. Because no reversible error has been shown, we affirm.